UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH COOPER KINSLER,

                           Plaintiff,

              -against-                                    23-CV-6670 (LTS)

FAY SERVICING; HSBC BANK; KEY BANK;              TRANSFER ORDER
CITI BANK NA; STEVEN BAUM;
FRIEDMAN & VARTOLO,

                           Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Judith Cooper Kinsler, who is a resident of St. Albans, Queens County, New

York, brings this *pro se* action under 42 U.S.C. § 1983, seeking money damages with regards to

foreclosure proceedings that were or are pending in New York State Supreme Court, Queens

County, involving real property located in St. Albans, Queens County, New York. Named as

Defendants are Fay Servicing; HSBC Bank; Key Bank; Citi Bank, N.A.; Steven Baum, an

attorney; and Friedman & Vartolo, the law firm that represented Citi Bank, N.A. in the state-

court action. For the following reasons, this action is transferred to the United States District

Court for the Eastern District of New York.

## DISCUSSION

        Under 28 U.S.C. § 1391(b), a civil action may be brought in

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim
        occurred . . . ; or (3) if there is no district in which an action may otherwise be
        brought as provided in this section, any judicial district in which any defendant is
        subject to the court's personal jurisdiction with respect to such action.

        For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff resides in St. Albans, Queens County, New York, and the property at issue is located in Queens County. Plaintiff does not plead the residence of HSBC Bank and Citibank, N.A., but she alleges that Fay Servicing is located in Nashville, Tennessee, and that Friedman & Vartolo is located in New York, New York. Plaintiff alleges that "my life has been made miserable. I am asking for relief an[d] to be compensated." (ECF No. 1 at 5.) She attaches to her complaint copies of documents from a foreclosure proceeding that either is or was pending in the New York State Supreme Court, Queens County. Queens County falls with the Eastern District of New York. *See* 28 U.S.C. § 112(c).

It appears from the complaint and attachments that all of the events or omissions underlying Plaintiff's claims arose outside this District, and that only one defendant, Friedman & Vartolo, resides in this District.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well

established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff resides, where the real property is located, and where the foreclosure proceedings were or are pending. It is reasonable to expect that all relevant documents and witnesses also would be in Queens County. The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 1, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4